IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANEEF THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRIAN NEWELL, et al. | : | NO. 05-6214 |

- - - - - - - - - -

| | | |
|---|---|---|
| CORRINE FIELDS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 05-6296 |

<u>MEMORANDUM IN SUPPORT OF ORAL RECORDED RULING</u>

Bartle, C.J.                                    October 10, 2007

This memorandum is being submitted pursuant to Rule 3.1 of the Third Circuit Local Appellate Rules which permits a trial judge in a case that has been appealed to "file and mail to the parties a written opinion or a written amplification of a prior written or oral recorded ruling or opinion."

Plaintiffs Haneef Thompson and Corrine Fields brought these consolidated actions against Philadelphia Police Officers Brian Newell and Alfonse Johnson seeking to recover damages under 42 U.S.C. § 1983 and state tort law for injuries they allegedly sustained during the arrests of Thompson and Fields on December 8, 2003.  On August 20, 2007, a jury trial began before the undersigned.  On August 24, 2007, the jury returned a verdict

in favor of the defendants on all counts.  Plaintiffs now raise
the following questions on appeal:

> (1)   Where a United States District Court Judge
>        has made a determination that defendants' use
>        of a preemptory [sic] strike to exclude the
>        only potential black juror was unlawfully
>        based on race, is it improper for defendants
>        to thereafter waive their remaining
>        preemptory [sic] strike with the effect of
>        excluding the same black juror?
>
> (2)   Was Plaintiffs' counsel's objection to
>        defendants' improper waiver of their
>        remaining preemptory [sic] strike, made afer
>        the jury panel was seated but before the
>        introduction of any evidence at trial, a
>        timely objection, where the delay was based
>        on the difficulty of ascertaining that
>        defendants' waiver of their preemptory [sic]
>        strike had the effect of excluding the only
>        potential black juror?

Voir dire began with a panel of 34 persons on the
morning of August 20, 2007.  After a number of them were excused
or stricken for cause, each side began to exercise their allotted
three peremptory challenges.  28 U.S.C. § 1870; Fed. R. Civ. P.
47(b).  The defendants used one of their peremptory challenges to
strike Juror No. 46, an African-American woman.  Plaintiffs
raised an objection under Batson v. Kentucky, 476 U.S. 79 (1986)
on the ground that defendants had stricken the juror based on her
race.

The plaintiffs made out a prima facie case under Batson
by demonstrating that:  (1) the plaintiffs were both African-
American; (2) the prospective juror was also African-American;

and (3) the relevant circumstances of the voir dire supported an inference of discriminatory purpose. Id. at 97. The burden then shifted to the defendants to come forward with a race-neutral explanation for challenging the prospective juror. Id. The court found the defendants' explanation to be pretextual and sustained the plaintiffs' objection. Thus, Juror No. 46 remained on the panel.

The plaintiffs thereafter exercised all three of their peremptory challenges. However, defendants exercised only two and waived their right to exercise a third. Because of where Juror No. 46 was seated during voir dire, the effect of that waiver was to exclude her from the eight person jury.[1]

Plaintiffs made no objection at this time to defendants' waiver of their third peremptory challenge, and jurors in seats numbered 2, 3, 4, 5, 7, 8, 10 and 11 were impaneled as the eight jurors in the case. The remaining panelists, including Juror No. 46, in seat 12, were thanked and then excused. The jury was sworn in immediately thereafter at 11:40 A.M. The court then took a twenty minute recess, during which all counsel conferred with the court off the record

---

1. Both the plaintiffs and the defendants exercised peremptory challenges against potential jurors positioned later in the seating order than Juror No. 46. Because the eight jurors all came from potential jurors positioned before Juror No. 46, those strikes were essentially "wasted" and ultimately had the same practical effect as the defendants' decision to waive their use of the third strike.

regarding the scheduling of a trial deposition of a physician. Counsel for the plaintiffs continued to remain silent about the exclusion of Juror No. 46 from the jury.  After the twenty minute recess, the court gave preliminary instructions to the jury, and the jury heard opening statements from counsel for all of the parties.  The luncheon recess followed.  It was not until 2:28 p.m., after the luncheon recess, that plaintiffs first challenged the defendants' waiver of their final peremptory challenge as violating Batson.

The law has long recognized that a party may waive any or all of its peremptory challenges.  See, e.g., Conn. Mut. Life Ins. Co. v. Hillmon, 118 U.S. 208, 212 (1903); Goldstein v. Kelleher, 728 F.2d 32, 37 (1st Cir. 1984), cert. denied, 469 U.S. 852 (1984); Mills v. GAF Corp., 20 F.3d 678, 680 (6th Cir. 1994). The court has been unable to locate a single case suggesting that failure to exercise a peremptory challenge can amount to a violation of Batson or its progeny.

Even assuming that the defendants' waiver of their third strike constituted a Batson violation under the present circumstances, a litigant wishing to challenge an opponent's use of a peremptory strike must do so in a timely fashion.  476 U.S. 79, 99-100; U.S. v. Sharma, 190 F.3d 220 (3d Cir. 1999).  The Court of Appeals for the Second Circuit explained the reasons for the timeliness requirement:  "a lawyer must challenge an

-4-

adversary's use of peremptory challenges before the completion of jury selection, in part so that the court can (i) contemporaneously assess the adversary's conduct; and (ii) remedy any improper conduct without having to repeat the jury selection process." Weeks v. N.Y. State, 273 F.3d 76, 89 (2d Cir. 2001) (internal citations and quotations omitted), abrogated on other grounds; see also Government of V.I. v. Forte, 806 F.2d 73 (3d Cir. 1986).

Courts interpreting the timeliness requirement under Batson have overwhelmingly concluded that trial judges have the discretion to deem such objections waived unless they are made during voir dire or very shortly thereafter. In Forte, our Court of Appeals found that the defendant violated the contemporaneous objection rule and waived any Batson objection when he failed to make his Batson challenge at the close of voir dire. 806 F.2d 73, 76 (3d Cir. 1986), denial of post conviction relief vacated by, 865 F.2d 59 (3d Cir. 1989). Our Court of Appeals similarly rejected a Batson challenge as untimely when the defendants made their challenge "after the petit jury had been sworn and the rest of the panel dismissed." Sharma, 190 F.3d 220, 231. The Court of Appeals for the Second Circuit has come to this same conclusion repeatedly. See McCrory v. Henderson, 82 F.3d 1243, 1247 (2d Cir. 1996). On two occasions it explicitly held that the party's Batson challenge was waived because that party's

-5-

attorney did not raise it "until after voir dire had been completed, the challenged jurors had been dismissed, and court reconvened after a lunch recess." <u>U.S. v. Franklyn</u>, 157 F.3d 90, 97 (2d Cir. 1998); <u>Weeks</u>, 273 F.3d 76, 89-90.

Here, the plaintiffs waited until after selection of the jury, the dismissal of the other members of the jury panel, the swearing of the jury, the mid-morning recess and discussion with the court about a trial deposition, the opening statements of counsel, and the luncheon recess before seeking relief from the court with respect to defendants' waiver of their third peremptory challenge. By such delay, the plaintiffs precluded the court from remedying any improper conduct without having to repeat the jury selection process. As the court noted on the record at that time, whatever the merits of plaintiffs' position may have been, the plaintiffs' second objection on <u>Batson</u> grounds clearly came too late.

BY THE COURT:


/s/ Harvey Bartle III
                                    C.J.

-6-